UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abshir Hassan Abi,                        Civ. No. 19-1033 (PAM/TNL)

                   Petitioner,

v.                                                                       **ORDER**

William P. Barr, Attorney General;
Kevin McAleenan, Acting Secretary,
Department of Homeland Security; Ronald
Vitiello, Acting Director, Immigration and
Customs Enforcement; Peter Berg, Director,
St. Paul Field Office, Immigration and
Customs Enforcement; Jason Kamerud,
Sheriff, Carver County,

                   Respondents.

---

       This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Tony Leung. (Docket No. 36.) The R&R recommends denying Petitioner's Motion for Temporary Restraining Order ("TRO"). (Docket No. 10.) Petitioner filed timely objections to the R&R. (Docket No. 40.)

       The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R.

**BACKGROUND**

       The full factual background of this matter is set forth in the R&R and need not be repeated here. In short, Petitioner is a citizen and native of Somalia who became a lawful permanent resident in 2008. Immigration and Customs Enforcement arrested Petitioner

in February 2018 and commenced removal proceedings based on his 2010 conviction for aggravated witness tampering, a felony. Petitioner has remained in mandatory custody since that time under 8 U.S.C. § 1226(c).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in April 2019, challenging the constitutionality of his continued detention. (Docket No. 1.) One day later, Petitioner filed the instant Motion for a TRO seeking essentially the same relief as the petition for writ of habeas corpus. Petitioner seeks immediate release or a bond hearing before an immigration judge to determine whether detention should be continued.

**DISCUSSION**

**A.** **Injunctive Relief Standard**

The standard for issuing a TRO or a preliminary injunction is the same. C.S. McCrossan Constr., Inc. v. Minn. Dep't of Transp., 946 F. Supp. 2d 851, 857 n.10 (D. Minn. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). When deciding whether to issue an injunction, courts consider four factors: (1) the threat of irreparable harm to the movant; (2) the balance of harm the injunction would have on the movant and the opposing party; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. CL

Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). "The burden on the movant is a heavy one where, as here, granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits." Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993) (quotation omitted).

"Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir.1999) (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). When there is an adequate remedy at law, a preliminary injunction is not appropriate. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir.1989).

**B.     Analysis**

The R&R recommends denying Petitioner's Motion for a TRO because Petitioner has failed to show that he will suffer irreparable harm in the absence of injunctive relief, and Petitioner already has an adequate remedy at law through his writ of habeas corpus. Petitioner objects, arguing that he has established a threat of irreparable harm, and that the R&R mischaracterized the "status quo" while failing to analyze Petitioner's likelihood of success on the merits under Dataphase.

Petitioner is not attempting to "preserve the status quo" to avoid a forthcoming irreparable harm, however. Devose, 42 F.3d at 471. He is not subject to a final removal order and his removal is not otherwise imminent. Rather, Petitioner is claiming that his

3

ongoing detention constitutes a "deprivation of liberty" which satisfies the exacting standard for irreparable harm. (Pet'r's Obj. (Docket No. 40) at 2.) Although his detention is certainly a harm, Petitioner has not established that irreparable harm will occur if he continues to be detained while his petition for writ of habeas corpus is litigated. Petitioner's habeas petition has already been fully briefed, and it is expected that the manner will be resolved expeditiously. Continued detention during the pendency of Petitioner's habeas petition, with no forthcoming removal or change in status, does not demonstrate that the harm is "certain and great and of such imminence that there is a clear and present need for equitable relief." Roudachevski v. All-Am. Care Centers, Inc., 648 F.3d 701, 706 (8th Cir. 2011). Finally, as the R&R correctly points out, if detention during removal proceedings constitutes irreparable harm in and of itself, nearly all habeas petitioners would be entitled to injunctive relief. For these reasons, Petitioner has not shown that he will suffer irreparable harm.

Additionally, the fact remains that a TRO is an improper vessel for the relief Petitioner seeks under these circumstances. Despite Petitioner's contentions, the "status quo" in this matter is Petitioner's mandatory detention under § 1226(c) while his removal proceedings are adjudicated. He is not seeking to preserve the status quo until his petition may be decided on the merits, which is the purpose of a preliminary injunction. Rather, Petitioner is trying to alter the status quo by effectuating his immediate release.

A preliminary injunction is also inappropriate where there is an adequate remedy at law, and here that remedy is the petition for writ of habeas corpus. Petitioner seeks the same relief (immediate release or bond hearing before an immigration judge) in both his

4

habeas petition and motion for a TRO. Accordingly, the burden for the extraordinary relief of a preliminary injunction is heightened because Petitioner is seeking the same relief he wishes to achieve on the merits of his underlying petition. Sanborn Mfg. Co., 997 F.2d at 486. That burden is not met here.

Lastly, an in-depth analysis of Petitioner's likelihood of success on the merits is not necessary. Not only is a lack of irreparable harm a sufficient ground to deny a motion for a TRO, but injunctive relief is inappropriate, as explained above. Regardless, the other Dataphase factors weigh strongly in favor of denying a TRO and outweigh any likelihood of success on the merits. Denying injunctive relief will cause minimal harm to Petitioner, as his claim will continue through his habeas petition. That petition has already been fully briefed by the parties and an additional R&R on the matter is forthcoming. Furthermore, as the R&R correctly pointed out, the public interest is served by allowing legal claims to be decided in the manner intended by the law. (R&R at 11.) Petitioner's claim and requested relief are properly handled through a petition for writ of habeas corpus.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 36) is **ADOPTED**; and

2. Petitioner's Motion for Temporary Restraining Order (Docket No. 10) is **DENIED**.

Dated: June 13, 2019                     *s/ Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge

5