UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abshir H.A.,

Petitioner,

v.

William Barr, U.S. Attorney General;
Kevin McAleenan, Acting Secretary,
Department of Homeland Security; Ronald
Vitiello, Acting Director, Immigration and
Customs Enforcement; Peter Berg, Director,
St. Paul Field Office, Immigration and
Customs Enforcement; and Jason Kamerud,
Sheriff, Carver County,

Respondents.

Civ. No. 19-1033 (PAM/TNL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Tony Leung. (Docket No. 43.) The R&R recommends granting Petitioner's Petition for Writ of Habeas Corpus in part and providing Petitioner with a bond hearing. The Government filed timely objections to the R&R. (Docket No. 44.)

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules the Government's objections and adopts the R&R.

**BACKGROUND**

The full factual background of this matter is set forth in the R&R and need not be repeated here. Petitioner is a citizen and native of Somalia who became a lawful

permanent resident in 2008. Immigration and Customs Enforcement ("ICE") arrested Petitioner in February 2018 and commenced removal proceedings based on his 2010 conviction for aggravated witness tampering, a felony. Petitioner has remained in mandatory custody since that time pursuant to 8 U.S.C. § 1226(c).

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in April 2019, challenging the constitutionality of his continued detention. (Docket No. 1.) Petitioner seeks immediate release or a bond hearing before an Immigration Judge ("IJ") within 30 days of this Order to determine whether detention should be continued.

**DISCUSSION**

Individuals who have been admitted to the United States may be removed if they are convicted of certain criminal offenses after admission. Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018). These cases are governed by 8 U.S.C. § 1226, which states that such aliens must be "detained pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner is detained and subject to removal pursuant to § 1226(c) because he was convicted of an aggravated felony. See 8 U.S.C. § 1226(c)(1)(B); see also id. § 1227(a)(2)(A)(iii). While the Supreme Court has held that § 1226(c) requires that certain removable aliens be detained for the duration of their removal proceedings, it declined to decide what limitations the Due Process Clause places on lengthy detentions under the statute. Jennings, 138 S. Ct. at 846-48. However, "'[d]ue process is flexible' . . . and it 'calls for such procedural protections as the

2

particular situation demands.'" Id. at 852 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

The Government argues that Petitioner's ongoing detention is constitutional, citing the Supreme Court's decision in Demore v. Kim, 538 U.S. 510 (2003) and arguing that Petitioner's detention continues to serve the purposes of § 1226(c). According to the Government, the R&R ignores "the ultimate question from Demore: has prolonged immigration detention become unjustified or arbitrary in light of the purposes of Section 1226(c)?" (Gov't's Obj. (Docket No. 44) at 2.) The Court believes that it has.

Post-Jennings, courts in this District consider a series of factors when assessing due process challenges to § 1226(c) detentions. See Muse v. Sessions, No. 18cv54, 2018 WL 4466052, at *3 (D. Minn. Sept. 18, 2018) (Schiltz, J.); Tao J. v. Sec'y of Dep't of Homeland Sec., No. 18cv1845, 2019 WL 1923110, at *3 (D. Minn. April 30, 2019) (Brasel, J.); Bolus A.D. v. Sec'y of Homeland Sec., 376 F. Supp. 3d 959, 961 (D. Minn. 2019) (Wright, J.) These factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

Muse, 2018 WL 4466052, at *3. The Government contends that these factors should not be used in a § 1226(c) analysis. However, whether considering these factors or the standard the Government gleans from Demore, Petitioner's continued detention runs afoul of due process protections and habeas relief is appropriate. After a de novo review of the Muse factors, the Court agrees with the R&R's treatment of each.

3

First, the total length of Petitioner's detention to date is staggeringly long, totaling 18 months. This far exceeds the one- to five-month periods of detention considered by the Supreme Court in Demore. See Demore, 538 U.S. at 529-530. Other courts have found that similar periods of detention violate due process protections. See Muse, 2018 WL 4466052, at *1 (14 months); Tao J., 2019 WL 1923110, at *3 (14.5 months); Bolus A.D., 376 F. Supp. 3d at 961 (16 months).

Furthermore, there is still no end in sight for Petitioner's removal proceedings. Petitioner is not subject to a final order of removal and he received a waiver of inadmissibility and an adjustment of status from an IJ in March 2019. (Docket No. 1 at 2.) The Government appealed the IJ's determination that Petitioner is eligible for an 8 U.S.C. § 1182(h) waiver in early April, and that appeal is still pending. Petitioner's detention will continue for an unknown period of time while he awaits resolution of the appeal, and that time may be further expanded by subsequent appeals. Accordingly, factors (1) and (2) both weigh heavily in favor of granting relief.

Additionally, the parties both concede that Petitioner is being held in a penal setting, even though "[a]liens held under § 1226(c) are subject to civil detention rather than criminal incarceration." Muse, 2018 WL 4466052, at *5. "The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." Id. Accordingly, this factor weighs in Petitioner's favor as well.

The Court agrees with the R&R's treatment of the fourth and fifth Muse factors, and there is no evidence that either party has caused undue delay in these proceedings. These factors are neutral.

Factor (6) addresses the likelihood that the removal proceedings will result in a final order of removal. Courts in this District are disinclined to conduct an in-depth analysis of this factor, as doing so would require the Court to weigh the merits of IJ decisions and the parties' appeals which it does not have a sufficient basis to do. See, e.g., Tao J., 2019 WL 1923110, at *4; Bolus A. D., 376 F. Supp. 3d at 962. In accordance with similar decisions in this District, the Court therefore weighs this factor as neutral.

The Court also notes that the Government's reliance on Demore, used to bolster their argument that a lengthy and indefinite period of detention does not run afoul of due process, is misplaced. The Government "fails to recognize that the Supreme Court limited its Demore holding to a brief period of detention under § 1226(c)." Tao J., 2019 WL at 1923110, *2 (citing Muse, 2018 WL 4466052, at *2 (noting Demore's "repeated references to the brevity of detention under § 1226(c)")). Petitioner's detention in this matter is no longer "brief." And "as detention drags on beyond the time frame contemplated in Demore and begins to resemble [] indefinite detention," "serious constitutional concerns" arise. Muse, 2018 WL 4466052, at *3; Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Petitioner's detention has extended far beyond the period anticipated by Demore, and therefore the Government's argument is unpersuasive.

Finally, the Government argues, and the R&R recommends, that the appropriate form of relief in this matter is a bond hearing rather than Petitioner's immediate release. Petitioner also urges the Court to adopt the R&R and provide him a bond hearing. (Pet'r's Resp. (Docket No. 45) at 1.) The Court agrees that this is an appropriate remedy. At a bond hearing, the IJ can consider all relevant information and determine whether Petitioner is a flight risk or danger to the community. While there is some dispute about the burden of proof to be applied at the bond hearing, the Court agrees that "the burden of proof and the quantum of proof at the bond hearing are decisions for the immigration judge in the first instance." Bolus A.D., 376 F. Supp. 3d at 963.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 43) is **ADOPTED**;

2. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **GRANTED in part**; and

3. An Immigration Judge must provide Petitioner with a bond hearing within thirty (30) days of this Order. At the bond hearing, the Immigration Judge must make an individualized determination regarding whether detention is necessary to protect the community and/or to prevent Petitioner from fleeing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 7, 2019                    *s/ Paul A. Magnuson*
                                                                                                       Paul A. Magnuson
                                                                                                        United States District Court Judge